First National Bank of New Rochelle, Plaintiff, *v.* Fairchester Oil Co., Inc., Defendant.

(Actions Nos. 3, 4 and 5.)

Supreme Court, Westchester County, March 6, 1943.

*Henry D. Holden* for plaintiff.

*Ivan S. Skura* for defendant.

Nolan, J. Three actions, designated as actions No. 3, No. 4 and No. 5, are brought for the recovery of rent, pursuant to a written lease providing for payment of rent in installments of $150 per month. By the terms of the lease the tenant was required to pay, on the tenth day of each calendar month, the sum of $150 as rent for the preceding month. Action No. 3 is for rent for the month of June, 1942, which became due July 10, 1942; action No. 4 is for rent for the month of July, 1942, which, pursuant to the terms of the lease, became due August 10, 1942, and action No. 5 is for rent for the months of August and September, 1942.

The premises were leased for use as a gasoline service station, and the lease provided that "If * * * the use of said premises as an oil and gasoline filling and service station * * * is prohibited, limited or restricted by governmental authority, * * * the lessee shall have the option of terminating and cancelling this lease ", and that " The lessee shall quietly quit said premises * * * and deliver up the same to the lessor, at the end of the term."

Prior to the accrual of the June rent, the War Production Board issued Limitation Order L-70, and amendments thereto [Order issued March 14, 1942, effective March 19, 1942, 7 Federal Register 2103 as amd.], pursuant to authority granted by Congress, which order provided in part [subd. (k), issued March 14, 1942, 7 Federal Register 2105] that no service station within the curtailment area, which included the leased premises, should deliver any motor fuel during more than twelve hours of any calendar day, or during more than seventy-two hours of any calendar week, and further required service stations affected to post prominently a notice of the hours during which motor fuel would be delivered.

Before the June rent became due, the defendant removed its pumps and equipment from the leased premises and boarded them up, placed a padlock on the door, and apparently ceased the use of the premises. No notice of surrender of the premises, or cancellation of the lease was given the plaintiff, however, until June 2, 1942, when such notice was given by the service of an answer in an action brought to recover rent for a month prior to June, and the keys to the lock were retained by the defendant until July 25, 1942, when they were returned by mail. No explanation has been given of the reasons for retaining the keys.

While it may be conceded that gasoline rationing was not contemplated by the parties as a means of limitation of the use of the premises when the lease was drawn, nevertheless, the limitation order in question did effect a limitation of the use thereof, as a gasoline filling station, by governmental authority which permitted the defendant to cancel the lease, pursuant to the terms thereof.

Something more than a mere notice was required, however, to effect such cancellation. The defendant could not elect to cancel, and retain possession of the leased premises. During the period from June 2nd, when notice of such election was given by the service of defendant's answer in the action for rent which became due prior to June, 1942, until July 25, 1942,

the defendant retained the keys to the lock which closed the only means of entrance, and has furnished no satisfactory explanation of such retention. It is the court's opinion that such retention, under the circumstances disclosed, charges the defendant with responsibility for occupancy until July 25, 1942, and that the defendant is liable for the June rent, which became due July 10, 1942. Judgment is directed therefore for the plaintiff in the sum of $150, with interest, in action No. 3. In action No. 4 judgment is directed in favor of defendant, dismissing plaintiff's complaint, without prejudice, however, to the commencement of an action to recover the value of the use and occupancy of the premises during the month of July, and in action No. 5 judgment is directed in defendant's favor, dismissing the complaint, on the merits. Settle decisions and judgments accordingly, on notice.